IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHRISTOPHER RODERICK JORDAN, )
SR., )
             )
       Plaintiff, )
             )
v. )    NO. 3:26-cv-00013
             )
CITY OF MURFREESBORO, )    JUDGE RICHARDSON
TENNESSEE, et al., )
             )
       Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher Roderick Jordan, Sr., a Murfreesboro resident, filed a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.) The matter is before the Court for initial review.

### I. PAUPER STATUS

Plaintiff's IFP application establishes that his only income is from an award of disability benefits, and that he is "close to be[ing] homeless" as he "[r]ecover[s] from heart and kidney transplant" surgeries he underwent in 2023. (Doc. No. 2 at 2, 5.) It therefore appears that Plaintiff cannot pay the $405 civil filing fee "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, his IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

### A. Legal Standard

Under the pauper statute, 28 U.S.C. § 1915(e)(2)(B), the Court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). To avoid dismissal for failure to state a claim, the Complaint must contain sufficient factual allegations to render a right to relief "plausible on its face," *Small v. Brock*, 963 F.3d 539, 540 (6th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

### B. Allegations and Claims of the Complaint

The Complaint asserts violations of Plaintiff's constitutional rights that occurred on September 8, 2024, when he alleges he was "forcibly arrested" without appropriate *Miranda* warnings for an "alleged domestic incident" and then released on bond by a Judicial Commissioner, with conditions that included wearing a GPS ankle monitor for eight months and residing elsewhere than the home where he had been living. (Doc. No. 1 at 2, 4, 6.)[1]

---

[1] The Court takes judicial notice of the Rutherford County Online Court Records System, which reveals that Plaintiff is facing charges of aggravated assault and domestic assault (listed with a "violation date" of September 8, 2024), with a plea hearing scheduled for June 26, 2026. *See* https://rutherford.tncrtinfo.com/crCaseForm.aspx?id=3986F55E-6739-4F87-9B63-ECC2DFC23D6E&dsid=23e44664 (last visited May 14, 2026). The Court may take judicial notice of adjudicative facts at any stage of the proceedings, Fed. R. Evid. 201, including facts contained in "public records and government documents available from reliable sources on the Internet," *ARJN #3 v. Cooper*, 517 F. Supp. 3d 732, 747 (M.D. Tenn. 2021) (quoting *Roane Cnty., Tennessee v. Jacobs Eng'g Grp., Inc.*, No. 3:19-CV-206-TAV-HBG, 2020 WL 2025613, at *3 (E.D. Tenn. Apr. 27, 2020), and facts concerning "proceedings in other courts of record." *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999).

Plaintiff alleges that officers with the Murfreesboro Police Department responded to "an allegation of felonious assault" at 2240 Woodridge Trail in Murfreesboro, where Plaintiff presumably resided. (*Id.* at 2.) Plaintiff was outside the residence when police arrived, and he refused permission to enter the residence, demanded that the officers leave, and, when they would not, requested the presence of a supervising officer. (*Id.*) The supervisor arrived, and officers proceeded to enter the residence and interview the alleged victim, whereupon they determined to arrest Plaintiff. (*Id.* at 2, 4.) Plaintiff alleges that he was "roughed up" when officers applied force to bring his arms close enough to be handcuffed, and that he reported chest pain which led to EMS responding to the scene. (*Id.* at 4.) Plaintiff was then transported to St. Thomas Rutherford Hospital, where he was medically cleared. (*Id.*) Nevertheless, he was unable to walk when departing the Hospital, so officers loaded him into a police transport van to take him to the detention facility. (*Id.*) "Upon arrival at the detention facility, the Plaintiff requested legal counsel before signing release conditions," but "[t]he Judicial Commissioner refused to approve bond unless the Plaintiff signed the conditions without counsel present." (*Id.*)

Plaintiff alleges that, because of the events of September 8, 2024, he was separated from his minor daughter and suffered "the dissolution of [his] 22-year marriage." (*Id.* at 6.) The Complaint relies on a "narrative detailing the events of September 8, 2024"—which included Plaintiff's "arrest, medical neglect, *Miranda* violations, judicial coercion, ankle monitoring, family separation, and marital destruction." (*Id.* at 5, 6.) Plaintiff signed and filed the Complaint on January 6, 2026, seeking damages from unnamed city and county officials as well as from the ten Murfreesboro police officers (identified by name and badge number) involved with his arrest and transport to the Hospital and detention facility. (*Id.* at 1–2, 12–13.)

C. <u>Analysis</u>

This action was not timely filed, nor does it otherwise state any viable claim against any named Defendant. "Although the statute of limitations is an affirmative defense that a plaintiff ordinarily need not plead to state a claim, dismissal of the plaintiff's claim is appropriate when 'the allegations in the complaint affirmatively show that the claim is time-barred.'" *Wershe v. City of Detroit, Michigan*, 112 F.4th 357, 364 (6th Cir. 2024), *cert. denied sub nom. Wershe v. Detroit*, 145 S. Ct. 1128 (2025) (citing *Baltrusaitis v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers*, 86 F.4th 1168, 1178 (6th Cir. 2023)). No statute of limitations expressly applies to claims under Section 1983, which instead "borrows the personal-injury statute of limitations from the state in which the claim arose." *Id.* at 365 (quoting *Zappone v. United States*, 870 F.3d 551, 559 (6th Cir. 2017)). In Tennessee, the applicable limitations period is one year from the date of the claim's accrual. *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1161 (6th Cir. 2021) (citing Tenn. Code Ann. § 28-3-104(a)(1)). Federal law determines the accrual date, and it is well established in the Sixth Circuit that "a § 1983 federal civil rights claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015) (quoting *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005)). The limitations period thus begins to run on "the date that the plaintiff discovered, or reasonably should have discovered, basic facts about the claim" to a compensable injury, *Reguli v. Russ*, 109 F.4th 874, 879 (6th Cir. 2024),[2] "not when the

_____

[2] The *Reguli* court discussed the fact that although the U.S. Supreme Court has, in three Section 1983 cases, applied the rule that accrual occurs when "the plaintiff has a complete and present cause of action," "our § 1983 cases have taken a different approach," "postpon[ing] the limitations period to the date" of discovery of basic facts about the claim. 109 F.4th at 879 (citations and internal quotation marks omitted). The Sixth Circuit's approach to accrual would seem to benefit plaintiffs, and the Court follows it here on initial review, where inferences are to be drawn in Plaintiff's favor. Ultimately, though, in this case Plaintiff cannot prevail despite receiving the benefit of the application of this favorable (to him) Sixth Circuit rule.

[injury's] consequences become most painful." *Frasure v. Shelby Cnty. Sheriff's Dep't*, 4 F. App'x 249, 250 (6th Cir. 2001) (citing *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)).

Plaintiff claims that his Fourth, Fifth, Sixth, and Fourteenth Amendment rights were violated on September 8, 2024, when he was subjected by the Defendant officers to "unreasonable seizure[,] excessive force[,] [and] failure to administer *Miranda* warnings," and when he was subjected by the Judicial Commissioner (who is not a Defendant) to "denial of the right to counsel; coercive bond conditions; deprivation of liberty without due process; and interference with familial association." (Doc. No. 1 at 6–7.) Plaintiff claims not that he was arrested without probable cause, but rather only that he was arrested without *Miranda* warnings. He also does not claim that his prosecution following his release on bond is or was unlawful, and he also has not "alleged facts giving rise to a reasonable inference that [any] of the defendant officers 'influenced or participated' in the prosecutor's decision to continue the prosecution." *Johnson v. Moseley*, 790 F.3d 649, 654 (6th Cir. 2015). In other words, no claim of malicious prosecution is asserted here.

The limitations period for the claims Plaintiff *does* raise began to run on September 8, 2024, the date when he was arrested, transported to the Hospital and the jail, and then released on bond. *See Dibrell*, 984 F.3d at 1162 (finding that § 1983 claims based on arrest and initial detention accrued when "detention ended," upon plaintiff's appearance before magistrate and release on bond). It expired one year later, on September 8, 2025. The Complaint was filed on January 6, 2026, 121 days after the expiration of the one-year limitations period. The Complaint's allegations concerning the timing of Plaintiff's injuries from his arrest, initial detention, and release on bond are straightforward and do not suggest any reason to apply tolling to excuse the untimeliness of the filing. This action is therefore barred by the statute of limitations.

Even if the Complaint's claims were timely, they fail plausibly to suggest any right to relief. First, Plaintiff's Fourth Amendment claims of an unreasonable seizure accomplished using excessive force are entirely conclusory; he alleges only that officers "applied unnecessary force during handcuffing" despite the fact that he "complied with commands," and that those officers "minimized [his] medical distress [and] delayed appropriate accommodations" when they transported Plaintiff to the Hospital (where he was medically cleared) and then to jail despite his inability to walk. (Doc. No. 1 at 6.) These allegations do not present "enough factual matter to raise a plausible inference of wrongdoing." *Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020) (internal quotation marks omitted) (citing *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013)). Second, Plaintiff's claim that he was "never advised of his *Miranda* rights at any stage of the encounter, arrest, transport, medical custody, or booking" (Doc. No. 1 at 6) is not cognizable under Section 1983. *See Vega v. Tekoh*, 597 U.S. 134 (2022) (holding that a violation of the *Miranda* rules does not provide a basis for a claim under § 1983). Third and finally, his claim that the imposition of bond conditions denied him his right to counsel, to due process, and to familial association is not plausibly stated against the police officers or executive officeholders he has named as Defendants. These Defendants are not liable for bond conditions, "because [such] officers don't impose bond conditions. Judges do[,]" and judges such as the unnamed, non-party Judicial Commissioner who set Plaintiff's bond conditions are immune from a Section 1983 suit arising from their performance of such a traditional judicial action. *Jones v. Keehma*, No. 24-CV-3929, 2026 WL 891911, at *14 & n.4 (N.D. Ill. Mar. 31, 2026) (citing cases).

### III. CONCLUSION

For the reasons given above, the Complaint is **DISMISSED** under the pauper statute, 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state any timely or otherwise viable claim on which relief

may be granted.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment under Fed. R. Civ. P. 58(b)(1) and close the file.

IT IS SO ORDERED.

*Eli Richardson*

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE